**MANDATE**

20-3846-cv
Bristol County v. Adient PLC

18-cv-9116(RA)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 10 2022

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-two.

PRESENT:
        DENNIS JACOBS,
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
                Circuit Judges.

_____

BRISTOL COUNTY RETIREMENT SYSTEM,
                Plaintiff-Appellant,

JULIO BARRETO, individually and on behalf of all others similarly situated,
                Plaintiff,

CHARLES ERIC HYDER, individually and on behalf of all others similarly situated,
                Consolidated-Plaintiff,

        v.                No. 20-3846-cv

ADIENT PLC, R. BRUCE MCDONALD, JEFFREY M. STAFEIL,
                Defendants-Appellees.

MANDATE ISSUED ON 08/10/2022

_____

| | |
|---|---|
| For Plaintiff-Appellant: | GUILLAUME BUELL, Thornton Law Firm LLP, Boston, MA (Shannon L. Hopkins, Levi & Korsinsky, LLP, Stamford, CT; Craig S. Kesch, Ira Brad Matetsky, Ganfer Shore Leeds & Zauderer LLP, New York, NY, on the brief). |
| For Defendants-Appellees: | MATTHEW J. PORPORA (Jeffrey T. Scott, on the brief), Sullivan & Cromwell LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Abrams, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the opinions and orders of said District Court be and they hereby are **AFFIRMED**.

Plaintiff Bristol County Retirement System appeals from a judgment of the United States District Court for the Southern District of New York (Abrams, J.), dismissing under Fed. R. Civ. P. 12(b)(6) a complaint against Adient PLC ("Adient"), its former Chairman and CEO, and its CFO, alleging that defendants committed securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act"), and its implementing regulation, Rule 10b-5, 17 C.F.R. § 240.10b–5; and Section 20(a) of the Exchange Act. The complaint alleges that Adient, a manufacturer of seats for automobiles, made false and misleading statements that its "Metals" business, which produces seat frames, was improving its performance notwithstanding operational problems, and that Adient failed to disclose obstacles such as staffing issues, resource shortages, and launch inefficiencies.

To state a claim under Section 10(b) and Rule 10b-5, a plaintiff must plead: (1) a misstatement or omission of material fact; (2) scienter; (3) a connection with the purchase or sale of securities; (4) reliance; (5) economic loss; and (6) loss causation. See Kleinman v. Elan Corp., 706 F.3d 145, 152 (2d Cir. 2013). As plaintiff alleged claims under Section 10(b) and Rule 10b-5, its claims are subject

2

to the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. 9(b).  See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 184 (2d Cir. 2014).

The district court dismissed on the grounds that the complaint insufficiently pled both (1) false statements or omissions, and (2) scienter.  See Special App'x 24-31, 54-66.  In the alternative, the district court ruled that many of the challenged statements constitute opinions, forward-looking statements protected by the PSLRA safe harbor, and/or puffery, none of which is sufficient to sustain a claim under Section 10(b).  See id. at 31-49.  The district court then denied plaintiff's post-judgment motions, filed pursuant to Fed. R. Civ. P. 15(a) and 60(b), which sought relief from the judgment in order to amend the complaint to add allegations from an additional witness.  See id. at 80-83.

A judgment granting a motion to dismiss pursuant to Rule 12(b)(6) is reviewed de novo.  See City of Pontiac, 752 F.3d at 179.  A denial of a post-judgment motion for leave to replead is reviewed for abuse of discretion.  See Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 142 (2d Cir. 2020).

For the reasons below, we affirm.

**1.**    A statement is false for the purpose of Section 10(b) and Rule 10b-5 if it was false at the time it was made.  See San Leandro Emp. Med. Grp. Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 812-13 (2d Cir. 1996) (explaining that "plaintiffs have not alleged circumstances to show that the defendants lacked a reasonable basis for their optimistic, but qualified, predictions as to the company's future performance").  A plaintiff's allegations "must demonstrate with specificity why and how" the statements were false.  Rombach v. Chang, 355 F.3d 164, 174 (2d Cir. 2004).

The complaint alleges that defendants' representations must have been false because they conveyed that Metals was on an upward trajectory while Adient was facing obstacles.  However, the existence of obstacles is not incompatible with statements that Metals was advancing toward its goals; it is undisputed that Metals was undergoing a restructuring, a process that included closing unprofitable plants and acquiring new business.  Since the complaint does not allege how or why any of the alleged misstatements were false when made, the complaint was properly dismissed.  See San Leandro, 75 F.3d at 812-13.

3

Allegations that defendants failed to disclose certain challenges confronting Metals were also properly dismissed. An omission is not actionable on its own because "§ 10(b) and Rule 10b-5(b) do not create an affirmative duty to disclose any and all material information." Matrixx Initiatives, Inc. v. Siracusano, 563 U.S. 27, 44 (2011). Disclosure is only necessary where there is a duty to disclose, or "when necessary to make statements made, in . . . light of the circumstances under which they were made, not misleading." Kleinman, 706 F.3d at 153 (internal quotation marks and citation omitted). To the extent that Adient did not disclose the day-to-day challenges encountered during the restructuring, it was under no obligation to do so when, overall, the restructuring was moving in a positive direction. See Meyer v. Jinkosolar Holdings Co., 761 F.3d 245, 250 (2d Cir. 2014).

Because plaintiff failed to allege any material omissions, its claim that defendants violated Item 303 of Regulation S-K by failing to disclose negative trends in Metals likewise fails. See 17 C.F.R. § 229.303(a)(3)(ii) (2019) (amended 2021); see also Stratte-McClure v. Morgan Stanley, 776 F.3d 94, 103 (2d Cir. 2015) (holding that a violation of Item 303 can sustain a claim under Section 10(b) and Rule 10b-5 only if the alleged omission is material).

**2.** The district court's alternative holding was that many of the alleged misstatements were statements of opinion, protected forward-looking statements, and/or puffery, none of which is sufficient to state a claim. See Special App'x 31-49.

Statements of subjective opinion suffice to state a claim if "the speaker did not hold the belief she professed" or "the supporting fact she supplied were untrue." Tongue v. Sanofi, 816 F.3d 199, 210 (2d Cir. 2016) (citing Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension Fund, 135 S. Ct. 1318, 1327 (2015)). But here, the complaint does not allege that the makers of the optimistic statements of opinion knew that they were untrue, or that any accompanying facts were false.

With respect to the PSLRA safe harbor, "defendants are not liable if the allegedly false or misleading statement is 'identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement . . .'" Slayton v. Am. Exp. Co., 604 F.3d 758, 768 (2d Cir. 2010) (citing 15 U.S.C. § 78u–5(c)(1)(A)(i)). Further, a defendant cannot

4

be liable for its forward-looking statement if the plaintiff fails to prove that it was made with actual knowledge that it was false or misleading. See id. at 773. Here, many of the disputed statements were protected by the PSLRA safe harbor because they were forward-looking, accompanied by cautionary language, and plaintiff did not allege that defendants had knowledge of the statements' falsity.

Finally, several of the disputed statements constitute "expressions of puffery and corporate optimism," which "do not give rise to securities violations." Rombach, 355 F.3d at 174. Where, as here, the challenged statements are not "sufficiently specific for an investor to reasonably rely on [them] as a guarantee of some concrete fact or outcome," they are not actionable. City of Pontiac, 752 F.3d at 185.

**3.** As the district court concluded, the allegations of the complaint do not plead facts giving rise to a strong inference of scienter. See Special App'x 54-66. The state of mind required to show scienter is "an intent to deceive, manipulate or defraud." Kalnit v. Eichler, 264 F.3d 131, 138 (2d Cir. 2001). The PSLRA requires that the complaint "'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" Gamm v. Sanderson Farms, Inc., 944 F.3d 455, 462 (2d Cir. 2019) (quoting 15 U.S.C. § 78u-4(b)(2)). To raise an inference of scienter, the plaintiff must allege facts showing "(1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co., 553 F.3d 187, 198 (2d Cir. 2009).

The complaint alleges that defendants were motivated to commit fraud by a desire to earn year-end bonuses; but it is well established that "[m]otives that are common to most corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation, do not constitute 'motive' for purposes of this inquiry." ECA, 553 F.3d at 198.

As to recklessness, the complaint alleges that the individual defendants were privy to information about operational challenges in Metals because they attended internal meetings, had conversations with various Adient personnel, and read relevant reports; but the complaint does not allege what, exactly, defendants learned at these meetings that rendered their statements knowingly

5

false.  See Gamm, 944 F.3d at 462 (explaining that facts giving rise to a strong inference of scienter must be stated with particularity).

Because the complaint fails to allege scienter on the part of any employee of Metals, the complaint does not allege corporate scienter, which is derived from its employees.  See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 177 (2d Cir. 2015) (setting forth the standard for pleading corporate scienter).

4. As plaintiff failed to allege a primary violation under Section 10(b), the district court properly dismissed the derivative Section 20(a) claim for control person liability.  See Special App'x 66-67; see also SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos., 829 F.3d 173, 177 (2d Cir. 2016) (dismissing Section 20(a) claim for "want of a primary violation") (citation omitted).

5. Plaintiff appeals the denial of one of its post-judgment motions (brought pursuant to Fed. R. Civ. P. 15(a) and 60(b)(2)), which sought relief from the judgment dismissing the case in order to add allegations from an additional witness.  The district court's ruling, which denied the motion on the ground that plaintiff did not renew contact with the additional witness until *after* the order dismissing the complaint issued, was sound.  See Special App'x 80-83; see also United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001).

Plaintiff initially contacted the witness three months before filing the operative complaint, at which point the witness declined to be interviewed because of a non-disclosure agreement; but then plaintiff waited over a year to renew contact--until *after* the order dismissing the complaint issued.  Given this lack of diligence, the district court did not abuse its discretion when it denied the post-judgment motion.

\*\*\*

Accordingly, the thorough and scholarly opinions of the district court are hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit